IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE L. RALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 2:24-cv-340-RAH-SMD |
| v. | ) |
| | ) |
| JONATHAN PITTS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Johnnie L. Raley ("Raley") filed a complaint alleging that the Covington County Sheriff's Department, along with the Covington County Sheriff and three deputies, violated his civil rights pursuant to 42 U.S.C. § 1983. Compl. (Doc. 1). Along with his complaint, Raley filed a Motion for Leave to Proceed *in Forma Pauperis*. Mot. (Doc. 2). The undersigned granted Raley's request and thus screened his complaint pursuant to 28 U.S.C. § 1915(e). Order (Doc. 6); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).

Upon review of the complaint, the undersigned found that it failed to meet federal pleading standards and failed to state a claim against at least two of the defendants. Order (Doc. 6). Thus, the undersigned ordered Raley to amend his complaint, giving him specific instructions how to comply. *Id*. Raley filed an amended complaint against the Covington County Sheriff's Department and the three deputies. Am. Compl. (Doc. 7). However, the

amended complaint suffers from the same or similar deficiencies as the original complaint. Thus, the amended complaint should be dismissed without further opportunity to amend.

## I. LEGAL STANDARDS

A court reviewing a complaint under 28 U.S.C. § 1915 review must dismiss the complaint if it determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's pro se status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Thus, pro se litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

In terms of pleading requirements, Federal Rule of Civil Procedure 8 requires a pleading to contain:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought.

FED. R. CIV. P. 8(a)(1)-(3). A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). Rather, a complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Moreover, Federal Rule of Civil Procedure 10 provides that in any pleading, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. FED. R. CIV. P. 10(b). "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Relatedly, the Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings" that run afoul of Rule 8 and/or Rule 10. *See Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015)). Shotgun pleadings include those that:

> (1) contain multiple counts where each count adopts the allegations of all preceding counts;
>
> (2) do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action";
>
> (3) do not separate each cause of action or claim for relief into separate counts; or
>
> (4) contain counts that present more than one discrete claim for relief.

*Id.* (quoting *Weiland*, 792 F.3d at 1321-23); *see also Toth v. Antonacci*, 2019 WL 4926961, at *1-2 (11th Cir. Oct. 7, 2019).

## II.  ANALYSIS

For at least four reasons, Raley's amended complaint does not meet federal pleading standards and should be dismissed.

First, the amended complaint is replete with impermissible legal conclusions. For example, Raley's first two factual allegations are as follows:

1. On October 11, 2022 Deputy Jonathan Pitts arrested me, Johnnie Raley without Probable cause.
2. On October 11, 2022 Deputy Jonathan Pitts searched Johnnie Raley, his wallet and his person. Without probable cause.

Am. Compl. (Doc. 7) p. 8. In paragraph eight of his factual allegations, Raley alleges that "[a]s a direct and proximate result of the individual Defendants' wrongful conduct, Johnnie Raley sustained substantial injuries." *Id*. at 9. Similarly, in paragraph fourteen, Raley asserts that "[b]y arresting me without probable cause and turning my phone off, he has violated my First Amendment Right to record." *Id*. at 11. These and other legal conclusions couched as "facts" are not well pleaded and do not meet the federal pleading standards.

Second, the amended complaint contains impermissible legal argument and citations. For example, in paragraph ten of his factual allegations, Raley states that "[u]nder Alabama law these deputies had no right to demand Johnnie Raley provide an id. because this was not a traffic stop and Johnnie Raley was not driving a car." *Id*. at 10. In paragraph eleven, he then cites, presumably in support of that conclusion: "1921463 Supreme Court of Alabama, Franklin v City of Huntsville, 670 So.2d 848 (Ala. 1995)." *Id*. As other examples of this pleading error, the amended complaint provides the Court with the definition of tort law, *id*.; the elements of a negligence claim, *id*. at 11; and a recitation of ALA. CODE § 15-5-30, *id*. at 12. These and other impermissible legal arguments and citations plague the amended complaint and violate the federal pleading standard.

Third, the amended complaint contains multiple counts where each count adopts the allegations of all preceding counts. For example, in Count I, paragraph three, Raley "realleges and incorporates herein by reference each and every allegation contained in this complaint." *Id*. at 13. He does so again in Count III, paragraph one. *Id*. at 18. ("Plaintiff realleges and incorporates herein by reference each and every allegation contained in of this Complaint."). These incorporation-by-reference statements place the amended complaint squarely within the confines of a shotgun pleading, which fails to meet federal pleading standards. *See Silverthorne*, 668 F. App'x at 355 (noting that the first category of shotgun pleadings are those that "contain multiple counts where each count adopts the allegations of all preceding counts").

Fourth, in addition to its pleading deficiencies, Raley's amended complaint suffers from substantive deficiencies. Raley sues the Covington County Sheriff's Department and

5

three of its deputies. Am. Compl. (Doc. 7) p. 1. As for his claims against the Covington County Sheriff's Department, it is well-established that a sheriff's department is not a legal entity capable of being sued. *See, e.g.*, *Herrington v. Effingham Cnty. Sheriff's Office*, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued."). As such, Raley cannot state a claim against the Covington County Sheriff's Office as a matter of law.

Raley's claims against the individual deputies in their official capacities fare no better. Because Raley is seeking solely money damages in this matter, *see* Am. Compl. (Doc. 7) pp. 15, 18, 19, 20, his claims against the individual deputies in their official capacities are barred. The Eleventh Amendment insulates a state from suit in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) (quoting *Halderman*, 465 U.S. at 101). Thus, "[a] state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity. . . or Congress has abrogated the state's immunity." *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted). "Alabama has not waived its Eleventh Amendment immunity . . . and Congress has not abrogated Alabama's immunity." *Id.* (internal citations omitted). And in Alabama, "a sheriff is an executive officer of the state of Alabama, and thus is immune from lawsuits under the state constitution, except for [certain] injunctive actions[.]" *Carr*, 916 F.2d at 1525 (citing

6

*Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987)). Thus, because a deputy is a general agent of the sheriff and considered a legal extension of the sheriff, Alabama sheriff's deputies also enjoy this immunity. *Carr*, 916 F.2d at 1526. As such, Raley cannot state claims for money damages against the individual defendants in their official capacities.[1]

### III.     OPPORTUNITY TO AMEND

The undersigned previously cautioned Raley that his original complaint failed to meet federal pleading standards. Order (Doc. 6). Specifically, the undersigned warned Raley that his original complaint was "replete with impermissible legal conclusions and allegations that are not clearly connected to the claims Raley purports to assert." *Id*. p. 4. The undersigned advised Raley that his amended complaint could "not include legal argument, legal standards, or legal conclusions." *Id*. at 7. Similarly, Raley was advised that, in setting forth his causes of action, he "should not incorporate by reference previous paragraphs within the complaint." *Id*. But as set forth more fully above, Raley's amended complaint suffers from these same deficiencies, causing the pleading to fall short of the federal pleading standard.

Additionally, the undersigned warned Raley that his original complaint failed to state a claim against certain defendants. Indeed, the undersigned informed Raley that the Covington County Sheriff's Office was not a proper defendant, *id*. at 5, and that he should "carefully consider and identify whether he is suing each Defendant in his/her individual or official capacity" and should "consider the instructions provided within [the prior] Order

---

[1] Because the amended complaint fails to meet federal pleading standards, it is difficult to determine whether the deputies would be entitled to qualified immunity at this time.

7

when determining which Defendants are capable of suit," *id*. at 7. Raley did not heed the undersigned's instruction and has once again sued the Covington County Sheriff's Department, which is not a proper defendant. Additionally, Raley has now sued individual deputies in their official capacities, which he cannot do.

For at least these reasons, the amended complaint does not address the flaws identified in the original complaint. The amended complaint thus fails to meet federal pleading standards and fails to state a claim against certain defendants. The undersigned warned Raley that "**his failure to comply with [the Order to amend] in its entirety [would] result in a recommendation that this case be dismissed for failure to prosecute this action, for failure to abide by orders of the Court, and/or for failure to comply with the federal pleading standards and failure to state a claim**." *Id.* at 8. Because the undersigned has explained how Raley's original complaint failed § 1915 review, and because Raley has filed an amended complaint that does not cure the original complaint's deficiencies, the undersigned recommends that Raley's amended complaint be dismissed without further leave to amend. *See Arrington*, 757 F. App'x at 797.

### IV.   CONCLUSION

Because Raley's amended complaint fails to meet federal pleading standards and fails to state claims against certain defendants, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that the amended complaint be DISMISSED without prejudice and without further opportunity to amend. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 19, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of November, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE