IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE L. RALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-340-RAH |
| | ) |
| JONATHAN PITTS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On October 29, 2025, the Magistrate Judge recommended that Raley's Amended Complaint be dismissed in its entirety because it fails to state § 1983 claims for false arrest under the First and Fourth Amendments and fails to sufficiently raise any state-law claims. Raley did not file an objection, and therefore this Court considers the Recommendation for clear error. *See Macort v. Prem,, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (citations omitted) ("Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

Upon an independent review of the file and upon consideration of the Recommendation of the Magistrate Judge, this Court concludes that Count One sufficiently states a Fourth Amendment false/wrongful arrest claim (*see* doc. 17 at 12) against Defendants Jonathan Pitts, Clay Conway and Mike Cheshire as tied to the Defendants' alleged pre-arrest demand that Raley produce a drivers license or other form of physical identification. *See*, *e.g.*, *Edger v. McCabe*, 84 F.4th 1230, 1231–34 (11th Cir. 2023) (finding that "officers did not have probable cause to make

arrest for obstructing a governmental function" based on plaintiff's failure to follow officer's commands to produce physical identification); *Jennings v. Smith*, No. 23-14171, 2024 WL 4315127 (11th Cir. Sept. 27, 2024). In all other respects, the Recommendation will be adopted.

Accordingly, it is **ORDERED** as follows:

1. For the reasons stated, the Recommendation (Doc. 11) is **ADOPTED in part and REJECTED in part**, in that the Recommendation is rejected to the sole and limited extent that it recommends dismissal of Count One in its entirety. In all other respects, the Recommendation is **ADOPTED**;

2. Counts Two and Three are **DISMISSED**;

3. This case is **REFERRED** back to the Magistrate Judge for further proceedings limited to Count One against Defendants Jonathan Pitts, Clay Conway and Mike Cheshire as tied to these Defendants' alleged pre-arrest demands that Raley produce a drivers license or other form of physical identification. To the extent Count One attempts to state any other claim, Count One is **DISMISSED**.

**DONE** on this the 1st day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE